Filed 07/07/26

VERMONT SUPERIOR COURT

Chittenden Unit
175 Main Street
Burlington, VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 26-CV-02223

| | |
|---|---|
| Stephanie Burdo,<br>          Appellee<br><br>          v.<br><br>Handy's Hotels & Rentals, LLC,<br>          Appellant | On appeal from 25-SC-02400<br><br>OPINION AND ORDER |

DECISION ON APPEAL

Appellant Handy's Hotels and Rentals LLC ("Handy's") appeals a small claims decision awarding Appellee Stephanie M. Burdo damages equivalent to double her security deposit.

The small claims court made the following findings that are relevant to this appeal. Burdo and Handy's had a written lease for an apartment in Essex Junction. The lease required that "[t]enants must have the carpet professionally cleaned when vacating the premises and provide Landlord with a copy of the invoice." *Burdo v. Handy's Hotels and Rentals LLC*, 25-SC-02400, slip op. at 1 (Vt. Super. Ct. Mar. 24, 2026). On July 15, 2025, Burdo notified Handy's that she intended to vacate on August 15, 2025. Handy's acknowledged the notice. Burdo vacated the apartment on August 16, 2025, leaving the keys inside the apartment, as instructed by Handy's. Burdo left the apartment clean, but the carpet cleaners, whom Burdo paid $200, did not complete their service until August 22, 2025.

Around September 13, 2025, Burdo received a letter dated August 31, 2025 and a check dated September 3, 2025. The letter indicated that Handy's was returning $925 to Burdo, which was half of her $1,850 deposit. Handy's retained $925 for the "rest of August rent." *Id*. at 2. Burdo had previously paid $925 as rent for the first half of August. Handy's reasoned that Burdo did not vacate on August 15, 2025, since the carpet cleaning did not occur until August 22.

The small claims court concluded that Burdo vacated the apartment on August 16, 2025, and that Handy's sent its letter and deposit refund after the statutory 14-day period had expired. As a result, Handy's forfeited its right to withhold any amounts from the deposit. The small claims court further concluded that Handy's made an intentional decision regarding the timing and amount of the partial security deposit refund by deciding to tie Burdo's vacancy of the premises to her completion of the professional carpet cleaning, a separate contractual provision which could only take place after she left the apartment. Because that decision was intentional

1

and willful, the small claims court awarded Burdo double the amount of the security deposit, $3,700, plus costs of $90.

## Legal Standard

An appeal from a small claims judgment is heard and decided "based on the record made in the small claims court." 12 V.S.A. § 5538. The "appeal is limited to questions of law." V.R.S.C.P. 10(d). If the small claims court has applied the correct law, the superior court will affirm its "conclusions if they are reasonably supported by the findings." *Maciejko v. Lunenburg Fire Dist. No. 2*, 171 Vt. 542, 543 (2000) (mem.). In turn, the findings of fact must be supported by the evidence, *Brandon v. Richmond*, 144 Vt. 496, 498 (1984), and such findings "must be construed, where possible, to support the judgment," *Kopelman v. Schwag*, 145 Vt. 212, 213-14 (1984). The court's review of the small claims court's legal conclusions, however, is "non-deferential and plenary." *Maciejko*, 171 Vt. at 543 (quoting *N.A.S. Holdings, Inc. v. Pafundi*, 169 Vt. 437, 439 (1999)).

## Analysis

Handy's concedes that the small claims court correctly concluded that Handy's was not permitted to withhold the remaining portion of the deposit, $925. However, it argues that the small claims court incorrectly concluded that Burdo was entitled to recover twice the security deposit, and that even if the conclusion was correct, the damage calculation was still incorrect.

Vermont law requires a landlord to return a tenant's security deposit along with a written statement itemizing deductions within 14 days from the date that the tenant vacated the unit. 9 V.S.A. § 4461(c). "If a landlord fails to return the security deposit with a statement within 14 days, the landlord forfeits the right to withhold any portion of the security deposit. If the failure is willful, the landlord shall be liable for double the amount wrongfully withheld, plus reasonable attorney's fees and costs." 9 V.S.A. § 4461(e).

The small claims court reasoned that Handy's decision regarding the timing and amount of Burdo's partial security deposit refund was an intentional decision, and that "'willful' means intentional." *Burdo*, slip op. at 3 (citing *In re Chase*, 2009 VT 94, ¶ 26, 186 Vt. 355 ("The word 'wilful' [sic] though given different definitions under different circumstances cannot well mean less than intentionally and by design.").

Handy's argues that the small claims court's reliance on *In re Chase* is misplaced because its citation is incomplete. In that case, the Vermont Supreme Court held that the Medical Practice Board "did not err in declining to find a violation of § 1354(a)(8) based upon its conclusion that the inaccurate entries in Dr. Chase's records were the result of 'missteps other than purposeful falsification.'" *In re Chase*, 2009 VT 94, ¶ 26. Handy's reasons that mistakes would lead to forfeiture of the right the withhold portions of a security deposit, but only "decisions made with malicious motivation trigger the responsibility to pay twice the amount withheld." Appellant's Br. at 3. As the Supreme Court has held:

> A wilful [sic] or intentional injury implies positive and aggressive conduct, and not the mere negligent omission of duty. Wilful means intentional and is used in contradistinction to 'accidental' or 'unavoidable.' A wilful act implies an intention to cause injury. In its customary usage intentionally means an act done with intention of purpose, designed, and voluntary.

*Wendell v. Union Mut. Fire Ins. Co.*, 123 Vt. 294, 297 (1963) (citations omitted). Handy's argues that the legislative intent behind § 4461(e) was to create two different sanctions, reserving the award of double the amount wrongfully withheld for situations where the court determines "that the landlord acted with bad intentions" as opposed to "inadvertence or excusable neglect." Appellant's Br. at 4.

The Court agrees that § 4461(e) does not apply to mere accidents or excusable neglect. However, "willful" involves intentional conduct but does not necessarily implicate the level of malice that Handy's wants it to require. *See, e.g.*, *Tepper v. Garcia*, No. 2015-150, 2015 WL 5793116, at *4 (Vt. Sept. 2015) (unpub. mem.) (affirming trial court's double-recovery remedy where landlord understood statutory obligation "and simply failed to follow through");[1] *Black's Law Dictionary*, willful (12th ed. 2024) ("Willful" is defined as "[d]one wittingly or on purpose, as opposed to accidentally or casually; voluntary or intentional, but not necessarily malicious."); cf. V.R.F.P. 16, Reporter's Notes – 2015 Amdt. (citing *In re Chase*, 2009 VT 94, and explaining that "'willfully' should be understood to mean intentionally rather than accidentally, but not to import a further requirement of maliciousness").

The small claims court's findings and conclusions are not inconsistent with this construction of the statute. The small claims court found that Handy's intended to send the letter and refund at a later date based on the date that Handy's considered the tenant to have vacated the unit, not based on the date when the tenant had actually vacated. Based on that incorrect view of the date of vacation, Handy's then withheld an entire half month's rent intentionally because the professional cleaner accessed the apartment to clean the carpet seven days after the date the tenant said she would vacate. There was nothing accidental or excusably neglectful about Handy's sending the letter and refund more than 14 days after Burdo vacated the apartment, nor was it an accident that Handy's withheld the equivalent of a half month's rent. The small claims court reasonably concluded that Handy's willfully sent the letter and refund after the 14-day period had expired. Based on the evidence, it was reasonable to conclude that the withholding stemmed from Handy's incorrect view of the vacation date. It follows that the small claims court had reason to award Burdo double the amount wrongfully withheld.

Based on the small claims court's findings, however, the amount that Handy's wrongfully withheld was $925, not $1850. Therefore, the small claims court should have doubled that amount and arrived at a judgment of $1850 plus costs of $90.

---

[1] Trial courts are free to "consider three-justice decisions from [the Vermont Supreme] Court for their persuasive value, even though such decisions are not controlling precedent." *Washburn v. Fowlkes*, Docket No. 2015-089, 2015 WL 4771613, at *3 (Vt. Aug. 2015) (unpub. mem.) (citing V.R.A.P. 33.1(d)).

<u>Order</u>

For the foregoing reasons, the findings and order of the small claims court are AFFIRMED as to the application of double damages under 9 V.S.A. § 4461(e).  The judgment shall be REVISED, however, to reflect that Burdo is awarded damages of $1850 plus costs of $90.

This matter is hereby REMANDED to the small claims court for issuance of a revised judgment consistent with this decision.

Electronically signed on July 6, 2026 at 5:08 PM pursuant to V.R.E.F. 9(d).

Megan J. Shafritz
Superior Court Judge